461 F.2d 1104
 KERR-McGEE CORPORATION, a Delaware corporation, and
Kerr-McGee Chemical Corp., a Delaware corporation,
Petitioners,
v.
The Honorable Willis W. RITTER, Chief Judge of the United
States District Court for the District of Utah, Respondent.
 No. 72-1236.
 United States Court of Appeals,
Tenth Circuit.
 June 16, 1972.
Rehearing Denied July 7, 1972.
 
 Peter W. Billings and G. Kenneth Handly, Jr., of Fabian & Clendenin, Salt Lake City, Utah (Willard P. Scott and Thomas R. Cochran, Oklahoma City, Okl., of counsel), for petitioners.
 William J. Lockhart, Salt Lake City, Utah, for respondent.
 Before SETH, McWILLIAMS, BARRETT and DOYLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The issues here are precisely the same as those before this court in Utah-Idaho Sugar Company v. Ritter, 461 F.2d 1100 (10th Cir. 1972). The instant cause was also one of Judge Christensen's cases which Chief Judge Ritter assigned to himself following Judge Christensen's taking senior status. The Judicial Council's December order required Chief Judge Ritter to vacate this assignment pursuant to its command that Judge Christensen's cases go to Judge Anderson. Meanwhile, the cases which had been Judge Christensen's prior to his retirement, and many of which were assigned to Chief Judge Ritter in his unilateral order, have been, with the exception of the present case and the Utah-Idaho Sugar case, assigned to either Judge Anderson or Senior Judge Christensen. However, Chief Judge Ritter and Judge Anderson have not, to date at least, agreed on court rules with respect to routine assignment of cases. Furthermore, Chief Judge Ritter has not vacated his assignment orders made unilaterally. Thus, the problem is the same, namely, inability of the two judges mutually to agree on rules for assignment of cases; it is not a condition involving isolated incidents of disagreement. Hence we determine that the petitioners are entitled to the relief sought.
 
 
 2
 We conclude that in accordance with our decision in Utah-Idaho Sugar, that mandamus must issue directing Chief Judge Ritter to refrain from proceeding further in the above case and directing Chief Judge Ritter to transfer the cause to Judge Anderson in accordance with the Judicial Council's orders of January 20, 1958 and December 20, 1971. Chief Judge Ritter's orders of October 4, 1971 and November 24, 1971, we hold to be void.
 
 
 3
 Let the writ of mandamus issue. The peremptory writ is made absolute.
 
 
 4
 LEWIS, C. J., not participating, having voluntarily disqualified himself.
 
 
 5
 HILL and HOLLOWAY, JJ., not participating.